UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSHUA CHRISTIAN** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 24-1699** |
| **HEALTHSAFE, INC. ET AL.** | * | **SECTION L(1)** |

## ORDER & REASONS

Before the Court is a 12(b)(6) motion to dismiss filed by Defendant Bunge North America, Inc. ("Bunge"). R. Doc. 14. Plaintiff Joshua Christian opposes. R. Doc. 23. Bunge replied. R. Doc. 26. Considering the record, the briefing, and the applicable law, the Court now rules as follows.

**I.     BACKGROUND**

This case arises from alleged employment discrimination against Plaintiff Joshua Christian ("Plaintiff"). R. Doc. 1-1. Plaintiff sued Defendants Bunge and HealthSafe, Inc. ("HealthSafe") in state court. R. Docs. 1, 1-1. Bunge removed the case to this Court on the basis of diversity jurisdiction. *Id.* Since then, the Court has granted Plaintiff leave to amend his Complaint twice to address arguments raised by both Defendants in prior motions.[1] R. Docs. 12, 31.

In his Second Amended Complaint ("Complaint"), Plaintiff alleges that on May 30, 2023, Defendants "jointly hired" him to be a Safety, Health, and Environmental Manager at a facility in St. Charles Parish owned by Bunge. R. Doc. 29-2 at 1. He claims that during his employment, both Bunge and HealthSafe employees directly and jointly supervised him. *Id.* at 2. More specifically, Plaintiff was allegedly "required to sign for and adhere to Bunge HR policies" and "report his time

---

[1] The Court notes that Bunge's motion to dismiss was filed prior to Plaintiff's Second Amended Complaint. However, given the limited nature of Plaintiff's amendment, the Court has elected to still consider the parties' arguments as submitted and will treat the motion as if it were filed in reference to the current operative Complaint in the case.

1

and hours to Bunge on HealthSafe forms through the Bunge chain of command." *Id.* With regard to payment, Plaintiff asserts "Bunge paid [his] salary to [D]efendant HealthSafe, who in turn, issued [his] paycheck, as well as his taxing documents." *Id.* He thus claims that "the source of funds for his salary came from both Bunge and HealthSafe." *Id.* at 2-3.

After working for Bunge and HealthSafe for a few months, Plaintiff began feeling ill and consulted with a doctor. *Id.* at 3. He was later diagnosed with a blood-related cancer called "Non-Hodgkin B-cell Lymphoma/Hairy Cell Leukemia with Thrombocytopenia" around August 2023. *Id.* As a result of this diagnosis, Plaintiff alleges that he was and continues to be "disabled" within the meaning of Louisiana law because he suffers from a condition that affects major life activities, such as circulation, breathing, working, etc. *Id.*

Plaintiff maintains that he advised both of his employers of his cancer shortly after learning of his diagnosis. *Id.* at 3-4. Immediately after communicating his disability, he alleges that Bunge employee David Peterson started harassing him. *Id.* at 4. He contends that Peterson advised him to quit, repeatedly made offensive comments regarding his cancer, and told him that he could not possibly do his job in light of his diagnosis. *Id.* Plaintiff also claims that Peterson and other employees from both Bunge and HealthSafe had conversations and meetings to discuss ways to terminate his employment due to his cancer. *Id.* For instance, Plaintiff alleges that Peterson and others began to make false accusations that he had failed to notify them of work absences related to his cancer and threatened daily that he would be terminated on the account of his disability. *Id.* He further states that both Defendants denied his requests for reasonable accommodations to his work schedule to make room for his upcoming treatments, and he was allegedly warned that if he changed his schedule for his cancer treatments, he would be fired. *Id.*

Plaintiff alleges that he reported the harassment to several of his supervisors but to no avail.

2

*Id.* For example, he claims that he told both Bunge through Peterson and HealthSafe through Jay Williams, Jr. that this "harassment was unwelcome and offensive." *Id.* However, he avers these reports only intensified the workplace harassment he was experiencing. *Id.* On August 28, 2023, he allegedly asked Bunge employee Jared Ragsdale for the contact information to "report the unabated disability-based harassment to Human Resources and/or corporate." *Id.* at 5. In response, Plaintiff asserts that he was involuntarily transferred to a different position. *Id.* When he tried to report to the new facility, he claims a Bunge employee told him that there was no job. *Id.* On September 19, 2023, Ragsdale terminated Plaintiff's employment who allegedly stated "it was an 'embarrassment' to him and his company" that Plaintiff attempted to report the disability-based harassment. *Id.*

Following his termination, Plaintiff filed the instant lawsuit against Bunge and HealthSafe asserting claims of (1) disability discrimination and harassment claims in violation of the Louisiana Employment Discrimination Law ("LEDL"), La. Rev. Stat. § 23:101, et seq. and (2) unlawful reprisal in violation of La. Rev. Stat. § 23:967. *Id.* at 5-6. He claims that the Defendants violated the LEDL by denying his reasonable accommodation requests, terminating him based upon these requests, and harassing him for his cancer diagnosis. *Id.* He alleges that Defendants violated La. Rev. Stat. § 23:967 when they harassed and terminated him in reprisal for his reporting, opposing, and complaining about the discrimination he faced. *Id.* at 6. As a result, Plaintiff asserts that he sustained several forms of damages, including: compensatory loss, physical and/or bodily injury, extreme emotional distress and mental languish, lost wages and benefits, loss of earning capacity, and medical expenses. *Id.* at 6-7. He further seeks attorney fees and any relief to which he is entitled to at law or in equity. *Id.*

## II.   PRESENT MOTION

Bunge argues that Plaintiff's claims under the LEDL and La. Rev. Stat. § 23:967 must fail as a matter of law because Bunge was not his employer. R. Doc. 14-1 at 1. To be considered an employer under the LEDL, Bunge claims Louisiana law focuses on whether an entity provides wages or compensation of any kind to an employee, rather than considering the level of control over the employee typically applied in federal employment discrimination cases. *Id.* at 6-10. Applying this interpretation of the law, Bunge contends there is no employment relationship between Plaintiff and Bunge because the Complaint alleges that only HealthSafe paid his salary and withheld taxes. *Id.* As further proof of this lack of employment relationship, Bunge attaches to its motion several exhibits including various employee documents such as Plaintiff's paystubs and taxing documents that were issued by HealthSafe rather than Bunge. *Id.* at 8. In regard to Plaintiff's claim under La. Rev. Stat § 23:967, Bunge acknowledges that that there is no definition for "employer" in the statute. *Id.* at 10-11. It argues, however, that this Court should define "employer" under La. Rev. Stat. § 23:967 synonymously with the LEDL and dismiss this claim for the same reasons stated above. *Id.*

In opposition, Plaintiff first addresses Bunge's attempt to use exhibits not attached to his Complaint to support its motion. R. Doc. 23 at 6-9. He argues that this Court should not consider the documents because a 12(b)(6) analysis is limited "solely to the face of the pleadings." *Id.* As to his LEDL claims, Plaintiff argues that his allegations are sufficient to establish Bunge was his employer under the statute. *Id.* at 9-15. He notes that the fact "the money from Bunge to pay his salary flowed to HealthSafe's financial account does not change the fact that Bunge ultimately paid [Plaintiff] for his service performed." *Id.* In the alternative, Plaintiff asserts this Court should apply the joint employer doctrine routinely applied in federal discrimination cases to determine

4

whether an employment relationship is present under the LEDL because the Complaint alleges HealthSafe and Bunge "jointly employed" him. *Id.* Lastly, as to his La. Rev. Stat. § 23:967 reprisal claim, Plaintiff argues that the definition of employer under this statute is not the same as the definition of "employer" under LEDL. *Id.* at 15-23. Instead, he requests this Court apply a more expansive interpretation of "employer" to give the statute its broadest effect as required by the canons of statutory interpretation. *Id.*

In reply, Bunge argues that this Court may consider the exhibits attached to its motion because they are "repeatedly and explicitly references" in Plaintiff's Complaint. R. Doc. 27 at 2-4. Next, Bunge argues that this Court should not apply the joint employer doctrine, a federal law principle, to Plaintiff's state law claims because the LEDL's definition of employer "stands in stark contrast to federal law." *Id.* at 5-7. Additionally, Bunge argues that a "source of funds" analysis that Plaintiff wishes to apply in the present case is not necessary, and the case law associated with that analysis is distinguishable from the facts at hand. *Id.* at 7-8. Finally, Bunge argues that federal courts in the Fifth Circuit have consistently held that the LEDL's definition of employer applies to claims brought under La. R.S. § 23:967. *Id.* at 9-10.

### III.    APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*." Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

IV.   **ANALYSIS**

Bunge's motion to dismiss raises three separate issues: (1) whether the Court should consider documents beyond the face of Plaintiff's Complaint in ruling on this motion; (2) whether Plaintiff has adequately alleged that Bunge is his employer under the LEDL and; and (3) whether the definition of "employer" under Plaintiff's La. Rev. Stat. § 23:967 reprisal claim should track that of the LEDL. The Court addresses each in turn.

**A. The Court Will Not Consider the Exhibits Attached to Bunge's Motion.**

Plaintiff argues that the Court should not consider the six exhibits Bunge has attached in support of its motion to dismiss. Exhibit A is a collection of paystubs issued to Plaintiff by HealthSafe; Exhibit B is the safety consulting contract between Bunge and HealthSafe; Exhibit C is Plaintiff's W2 issued by HealthSafe for the 2023 fiscal year; Exhibit D is an affidavit made by HealthSafe President and CEO – Ron Matrella; Exhibit E is an affidavit made by Bunge Senior Manager – George Carter; and Exhibit F is a copy of Plaintiff's health insurance benefits provided by HealthSafe. R. Doc. 14-9. Generally, a court may not look beyond the plaintiff's complaint when deciding whether to grant a 12(b)(6) motion. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Williamson v. Tucker*, 645 F.2d 4047, 412-13 (5th Cir. 1981). There is, however, an exception to the standard rule. The Fifth Circuit in *Collins v. Morgan Stanley Dean Witter* held

that a district court may rely on evidence outside the complaint without converting the Rule 12(b)(6) motion into a summary judgment motion when the evidence is: (1) attached to the motion, (2) referred to in the complaint, and (3) central to the plaintiff's claim or is subject to judicial notice. 224 F.3d 496, 498-99 (5th Cir. 2000); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). "The court has 'complete discretion' to either accept or exclude the evidence for purposes of the motion to dismiss." *Knight v. Am. Bankers Ins. Co. of Fla.*, No. CV 23-4834, 2024 WL 3742689, at *2 (E.D. La. Aug. 7, 2024) (citing *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988) (citations omitted)).

 Here, Bunge has invoked the *Collins* exception and argues that Plaintiff referred to and relied upon the various attached documents in his Complaint. The Court disagrees. At first instance, the Court notes that Plaintiff's Complaint does not make a single reference to either the consulting agreement between the Defendants or the affidavits of Ron Matrella and George Carter. R. Doc. 29-2. They must therefore be excluded from the Court's analysis. The remaining exhibits, however, require further inquiry. As noted by Bunge, Plaintiff's Complaint does touch on the payments he received from his employers, his tax information, and his insurance benefits. It thus contends that Plaintiff's mere mentioning of these documents is sufficient to constitute a reference as required by *Collins*. But the Court refuses to interpret *Collins* to mean that general references to a group of documents in a complaint somehow open the door to their individual consideration within the context of a 12(b)(6) analysis. *See* 224 F.3d at 498-99. Indeed, other courts have required something more for the *Collins* exception to apply. For example, in *Mosser v. Aetna Life Ins. Com.*, a defendant attempted to attach an entire website page applicable to a disputed insurance policy in support of its motion to dismiss. No. 4:15-CV-430, 2016 WL 125592, at *2 (E.D. Tex. Jan. 12, 2016). The court excluded this evidence from the 12(b)(6) analysis because the plaintiff only

7

generally referred to the website in his complaint, which the court found did not constitute a reference to its "entire contents." *Id.* Further, another section of this Court has even held that a citation to a specific page of a website contained in a complaint was insufficient to allow the defendant to then attach at will other pages from that same website in support of its motion. *Truong v. Magnolia Fleet, LLC*, 724 F. Supp. 3d 568, 574 (E.D. La. 2024). Without a more specific reference to each of the documents contained in Bunge's proposed exhibits, it cannot be said that Plaintiff has "referred" to them in his Complaint, such that a *Collins* exception would apply. Accordingly, the Court exercises its discretion and finds that it is neither necessary nor appropriate to consider any of the attached exhibits in its 12(b)(6) analysis. Moreover, even if the Court did consider the attached documents, the result would remain the same because the Court finds Plaintiff's allegations are sufficient to state a claim as described more fully below.

### B. Plaintiff Has Adequately Alleged that Bunge is His Employer under the LEDL.

Plaintiff is only entitled to relief under the LEDL if Bunge is considered his employer. As an initial matter, this requires the Court to decide which legal test to utilize in determining Bunge's employer status. Plaintiff argues that the correct legal test is the federally-derived joint employer doctrine, which focuses on the extent of the defendant's control over the employee. Bunge contends that the definition of employer as provided in the LEDL, which focuses on payment to the employee, applies. The Court agrees with Bunge for three reasons. First, Plaintiff has notably not alleged any claim under federal law, such as Title VII, ADEA, and the ADA. R. Doc. 29-2. Second, "[f]ederal courts applying Louisiana law and Louisiana state courts have consistently held that the definition of employer under Louisiana law, for the purpose of employment discrimination cases, has been specifically defined" under the LEDL and thus have applied the state law. *Landon v. Padgett*, No. Civ. A. 13-261-SCR, 2013 WL 6002448, at *3 (M.D. La. Nov. 12, 2013); *see also*

8

*Dupre v. Westlawn Cemeteries*, No. Civ. A. 13-356, 2013 WL 3730125 (E.D. La. July 12, 2013); *Langley v. Pinkerton's Inc.*, 220 F.Supp.2d 575 (M.D. La. 2002). Third, Plaintiff's citations to case law in support of the joint employer doctrine's application are inapposite and do not address the significant discrepancy between federal law and the LEDL's definition of employer. *See DeJean v. Jefferson Par. Sheriff Off.*, No. 22-CV-165, 2024 WL 4188465 (E.D. La. Sept. 13, 2024) (finding that Title VII and the LEDL are similar in regard to the elements of each claim, not whether an employment relationship existed); *Privott v. City of New Orleans*, No. CV 23-1848, 2024 WL 3757138 (E.D. La. Aug. 12, 2024) (addressing only whether a joint employer theory applied to a Title VII federal claim against a political subdivision). The Court will thus follow precedent and look to the definition of employer outlined in the LEDL for the present analysis.

Although the Court adopts the employer test advanced by Bunge, the Court finds that Plaintiff has stated a valid claim under the LEDL. The LEDL defines "employer" as a person, association, or entity that: (1) receives services from an employee and in return gives compensation "of any kind" to an employee; and (2) meets the requisite number of employees prescribed by the statute. La. R.S. § 23:302(2); *Seal v. Gateway Cos.*, No. Civ. A. 01-1322, 2002 WL 10456, at *4 (E.D. La. Jan. 3, 2022). In determining whether an employer gives compensation to an employee, courts consider: "who paid the employee's wages; who withheld federal, state, unemployment, or social security taxes; whether the employee's name appeared on the employer's payroll; and whether the employee participated in the employer's benefit plans." *Adams v. Archer Daniels Midland, Inc.*, No. CV 15-1246, 2016 WL 1298976, at *1 (E.D. La. Apr. 4, 2016). "Although the test in Louisiana to determine if an employer-employee relationship exists relates to 'right of control,' the legislature gave 'employer' a specific definition which controls in an action for intentional discrimination in employment." *Duplessis v. Warren Petroleum, Inc.*, 95-1794 (La.

9

App. 4 Cir. 3/27/96), 672 So. 2d 1019, 1023. "This definition is narrower than that contained in Title VII." *Adams*, 2016 WL 1298976, at *1.

Bunge argues that Plaintiff admits in his Complaint that only HealthSafe issued his paycheck and withheld taxes from his earnings, and thus, Bunge cannot be considered his employer as alleged. It asserts that it does not matter that Plaintiff claims the "source of the funds" HealthSafe used to pay him came directly from Bunge because Plaintiff must be on Bunge's payroll to establish an employment relationship under the LEDL. This argument, however, is called into question by the Louisiana Supreme Court's decision in *Dejoie v. Medley*. 2008-2223 (La. 5/5/09), 9 So. 3d 826, 830. In that case, the plaintiff was allegedly terminated from her position as a docket clerk on the basis of her pregnancy status and sued the parish court judge who she worked for, the Judicial Expense Fund, and the state of Louisiana. *Id.* at 827-28. On a motion for summary judgment filed by the state, the court was faced with the question of whether the state was plaintiff's employer under the LEDL and ultimately concluded she was not. *Id.* at 828-30. In reaching its decision, the court held that "it is necessary to consider the source of the funds used to compensate the plaintiff" and found that the funds used to pay her salary were not state funds. *Id.* at 830.

The holding in *Dejoie* expressly contradicts Bunge's position that Plaintiff must be on its payroll to state a claim under the LEDL. The Louisiana Supreme Court is clear that the "source of the funds" used to pay a plaintiff can be central to the analysis and serves to potentially establish, or even disprove, an employment relationship as defined in the statute. *See id.* The Court thus finds Plaintiff's allegations that Bunge paid him by and through HealthSafe and that the "source of the funds" came from both the Defendants are sufficient to allege Bunge was Plaintiff's employer under the LEDL. The Court's decision to follow *Dejoie* and focus on Plaintiff's "source of the

funds" allegations is further supported by the case law. At least two Louisiana appellate courts addressing similar facts have determined an entity qualified as an employer under the LEDL even though the plaintiff was technically paid through an intermediary. *See, e.g.*, *Driesse v. Nat'l Oilwell Varco, LP*, 2014-125 (La. App. 3 Cir. 1/14/15), 170 So. 3d 996, 1000 (holding "the fact that the compensation flowed through [an intermediary] does not change the salient fact that the money was ultimately paid to [plaintiff] for services performed for [defendant]"); *Hanna v. Shell Expl. & Prod., Inc.*, 2017-0293 (La. App. 4 Cir. 12/6/17), 234 So. 3d 179, 190 (applying *Dejoie* and finding that defendant arguably gave compensation to plaintiff albeit through an intermediary corporation). Additionally, another section of this Court has expressly endorsed *Dejoie* and applied a similar "source of the funds" analysis to a LEDL claim on a motion to dismiss. *Stewart v. Caton*, No. Civ. A. 13-823, 2013 WL 4459981, at *8 (E.D. La. Aug. 16, 2013). Accordingly, the Court refuses to dismiss Plaintiff's claims at this stage of the litigation in light of *Dejoie*, *Hanna*, *Driesse,* and *Stewart*.

### C. The Court Will Apply the LEDL Definition of Employer to Plaintiff's La. Rev. Stat. § 23:967 Claim.

Similar to his claims under the LEDL, Plaintiff and Bunge must have an employment relationship for him be entitled to relief on his reprisal claim under La. Rev. Stat. § 23:967. The Court notes, however, that unlike the LEDL, La. Rev. Stat. § 23:967 does not expressly define "employer." This has led to a split among district courts in the Fifth Circuit with some finding that the LEDL definition of employer applies to § 23:967 reprisal claims, while others hold that it does not. Without further instruction from the Fifth Circuit,[2] this Court will follow the precedent

---

[2] In *Sanders v. Christwood*, 970 F.3d 558 (5th Cir. 2020), the Fifth Circuit declined to address the issue as to whether the LEDL's definition of "employer" extends to La. Rev. Stat. § 23:967. The Circuit instead expressly limited its holding and only found that the LEDL's *non-profit exemption* did not apply to La. Rev. Stat. § 23:967.

established in the Eastern District of Louisiana and apply LEDL's definition of employer to Plaintiff's § 23:967 claim. *Barrera v. Aulds*, No. CV 14-1889, 2016 WL 3001126, at *5 (E.D. La. May 25, 2016); *Jones v. JCC holding Co.*, No. Civ. A. 01-0573, 2001 WL 537001, at *3 (E.D. La. May 21, 2001); *Eng. v. Wood Grp. PSN, Inc.*, No. Civ. A. 15-568, 2015 WL 5061164, at *10 (E.D. La. Aug. 25, 2015). Because this Court has already held that Plaintiff sufficiently alleged an employment relationship with Bunge for purposes of his LEDL claims, it thus follows that he has done so as to his § 23:967 claim as well.

However, the Court would like to clarify that it does not find Plaintiff has conclusively proven that Bunge meets the definition of employer under both the LEDL and La. Rev. Stat. § 23:967. Rather, the Court merely holds today that Plaintiff has adequately alleged such a relationship in his Complaint, which must be construed in Plaintiff's favor at the motion to dismiss stage. *See Baker,* 75 F.3d at 196. Once all parties have had the benefit of discovery as to the "source of the funds" used to pay Plaintiff, either party may move for summary judgment as to whether an employment relationship existed between Plaintiff and both Bunge and HealthSafe under the LEDL and La. Rev. Stat. § 23:967.

## V.    CONCLUSION

Considering the foregoing;

**IT IS HEREBY ORDERED** that Bunge North America Inc.'s 12(b)(6) Motion to Dismiss, R. Doc. 14, is **DENIED** with prejudice.

New Orleans, Louisiana, this 6th day of December, 2024.

*Eldon E. Fallon*